State v. Tilley

---

STATE OF NORTH CAROLINA v. RAY THOMAS TILLEY

No. 7317SC212

(Filed 23 May 1973)

**Homicide § 24— instructions — presumption of malice — no deadly weapon used**

The trial court in a homicide prosecution erred in instructing the jury to presume the existence of malice if they found that the victim's death was intentionally caused where there was no evidence of the use of a deadly weapon, since malice is presumed only where death resulted from the intentional use of a deadly weapon.

APPEAL by defendant from *Gambill, Judge,* 14 August 1972 Session of ROCKINGHAM County Superior Court.

Defendant was indicted for murder in the first degree. At the beginning of trial the solicitor announced that the State would seek a conviction for murder in the second degree or manslaughter, as the evidence allowed. The jury found defendant guilty of murder in the second degree.

*Attorney General Robert Morgan by Assistant Attorney General William F. O'Connell for the State.*

*Rodenbough & Price by Ronald M. Price; and Price, Osborne, Johnson & Blackwell by D. Floyd Osborne for defendant appellant.*

CAMPBELL, Judge.

At about 8:40 a.m. on 14 September 1971 a neighbor observed Mrs. Onie Bullins Orander, age 74 years, walk to defendant's house. "She continued on to the Tilley house like she was on a mission." She was never seen alive again. A body was found beside a paved road in Virginia on 22 September 1971, some 20 miles from defendant's home. The body was subsequently identified as Mrs. Orander.

Sometime later defendant was arrested for the murder of Mrs. Orander and on 11 July 1972 he sent for the Sheriff and wanted to tell him about it. He was warned of his constitutional rights relative to interrogation. He told officers that on the morning of 14 September 1971 Mrs. Orander came to his home and "began fussing at him about his wife leaving him. . . . " They argued, and defendant had his right arm around her neck "and was trying to hold her hands with his other hand and she was fighting him and scratching him on his body. Well, she went limp and just fell to the floor and he examined her and thought that she was dead and of course then he became frightened and wanted to get her out of the house. . . . " Defendant described the route he had driven in his car with the body, which route was followed by the Sheriff and led to the place the body was found.

The defendant assigns as error the following charge of the trial judge to the jury:

"Now where an intentional killing is admitted or established the law presumes malice and if the defendant

who has intentionally killed another would rebut the presumption arising from such a showing or admission, that is a killing under such circumstances that malice would be implied, he must establish to the satisfaction of the jury the legal provocation which would take from the crime the element of malice and thus reduce it to manslaughter."

The error in this instruction is that it told the jury to presume the existence of malice if they found that the death of Mrs. Orander was intentionally caused. However, an intentional killing may constitute murder or manslaughter. Malice is the element which distinguishes those two crimes. An unlawful killing with malice is murder in the second degree. *State v. Mercer*, 275 N.C. 108, 165 S.E. 2d 328 (1969).

Malice is not only hatred, ill-will, or spite, as it is ordinarily understood, but it also means that condition of mind which prompts a person to take the life of another intentionally without just cause, excuse, or justification. It may be shown by evidence of hatred, ill-will, or dislike. *State v. Benson*, 183 N.C. 795, 111 S.E. 869 (1922). Malice is presumed only where death resulted from the intentional use of a deadly weapon. *State v. Winford*, 279 N.C. 58, 181 S.E. 2d 423 (1971). If a deadly weapon was not used, or if such weapon was not intentionally used (accident) the presumption does not arise. *State v. Gordon*, 241 N.C. 356, 85 S.E. 2d 322 (1955); and it is error to instruct the jury as to that presumption. *State v. Foust*, 258 N.C. 453, 128 S.E. 2d 889 (1963).

In the instant case there was no evidence of the use of a deadly weapon and no presumption of malice existed.

New trial.

Judges PARKER and HEDRICK concur.